[No. E032252. Fourth Dist., Div. Two. Dec. 31, 2002.]

RIM OF THE WORLD UNIFIED SCHOOL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
LARRY KOMAR, Real Party in Interest.

1394

## COUNSEL

Gibeaut, Mahan & Briscoe, Gary Robert Gibeaut and John W. Allen for Petitioner.

No appearance for Respondent.

Reid & Hellyer, James J. Manning, Jr., and Samuel W. Bath for Real Party in Interest.

## OPINION

RICHLI, J.—Petitioner, Rim of the World Unified School District, seeks a writ of mandate directing the trial court to vacate its order overruling petitioner's demurrer to real party in interest's petition for writ of mandate and enter an order sustaining the demurrer. At issue is a school district's authority and duty to disclose its records of student expulsions to the public upon request. We conclude that federal law clearly prohibits such disclosure and preempts state law to the contrary. Therefore, we grant the writ.

### STATEMENT OF FACTS

Real party in interest made a request to petitioner under the California Public Records Act (CPRA) (Gov. Code, § 6250 et seq.) "to review all documents pertaining to any and all suspensions over three days, and all expulsions acted on by [petitioner] during the period[] January 1, 1998, through the present." Petitioner denied the request on the basis that the

documents were student records, the disclosure of which would be an unwarranted invasion of privacy under Government Code section 6254. Petitioner offered to provide statistical information. In a second request, real party in interest limited the inquiry to expulsions only. Real party in interest also cited Education Code section 48918[1] ("[r]ecords of expulsions shall be a nonprivileged, disclosable public record") and an Attorney General opinion to the effect that student names and reasons for the expulsions are disclosable. Petitioner again denied real party in interest's request, this time citing federal law that unauthorized disclosure of student records may lead to loss of federal funding.

Real party in interest filed a petition for writ of mandate in the superior court seeking access to the records. Petitioner demurred to the petition. The trial court overruled the demurrer and ordered petitioner to respond. ▮ Petitioner then filed the instant petition in this court, contending that federal law prohibits the disclosure of the requested records and that federal law preempts state law in this matter.

DISCUSSION

1. *State Law*

The Education Code provides that student records are ordinarily not available to the general public. "A school district is not authorized to permit access to pupil records to any person without written parental consent or under judicial order" except in certain situations not relevant here. (§ 49076.)

State law treats expulsion records differently from other student records. Expulsion proceedings are conducted out of public view, unless the student requests otherwise. (§ 48918, subd. (c).) The final action to expel a student, however, may be taken only by the school board in public session. (§ 48918, subd. (j).) Finally, the school board must maintain a record of each expulsion, "including the cause therefor," and such records are "nonprivileged, disclosable public record[s]." (§ 48918, subd. (k).)

In other words, while the Education Code does give students the option to have their expulsion hearings held in private, the formal action to expel a

---

[1]All further statutory references are to the Education Code unless otherwise indicated.

student must be made in public and the student's expulsion record is available to any member of the public for the asking. Further, the state Attorney General has issued an opinion stating that the school board's public action to expel the student must include the student's name and the reason for the expulsion, and this information must be included in school district responses to requests from the public for expulsion records. The opinion dispatches with the federal preemption issue by stating that "the federal law does not purport to preempt any state laws . . . ." (80 Ops.Cal.Atty.Gen. 85, 91 (1997).)

The above provisions and Attorney General opinion indicate that expulsion records are public records under state law and must be disclosed upon request. The only uncertainty comes from the CPRA itself. Section 6254 of the Government Code provides that "nothing in this chapter shall be construed to require disclosure of records that are any of the following . . ." and includes in the list subdivision (k), which reads, "Records the disclosure of which is exempted or prohibited pursuant to federal or state law . . . ." ■ This and other exemptions contained in Government Code section 6254 are designed to protect the privacy of persons whose data or documents come into governmental possession. (*Black Panther Party v. Kehoe* (1974) 42 Cal.App.3d 645 [117 Cal.Rptr. 106].) ■ As discussed below, the protection of student disciplinary records under federal law makes this section inconsistent with section 48918's mandate that expulsion records be disclosable to the public.

## 2. *Federal Law*

■ As with California law, the federal Family Educational Rights and Privacy Act (FERPA) provides for the privacy of education records. "Education records" are defined as documents which "contain information directly related to a student" or "are maintained by an educational agency or institution . . . ." (20 U.S.C. § 1232g(a)(4)(A).)

Moreover, recent federal case law makes it clear that student disciplinary records are protected from disclosure as education records. In *U.S. v. Miami University* (6th Cir. 2002) 294 F.3d 797, the United States, on behalf of the Department of Education, sued the university to permanently enjoin it from releasing student disciplinary records to a newspaper. In affirming the district court's decision to grant the injunction, the Sixth Circuit Court of Appeals reviewed the applicable portions of FERPA. The court found that FERPA's definition of "education records," cited immediately above, includes disciplinary records "because they directly relate to a student and are

kept by that student's university. Notably, Congress made no content-based judgments with regard to its 'education records' definition." (*Id.* at p. 812.)

The court then pointed to several exemptions from the confidentiality of student disciplinary records that "clearly evolve from a base Congressional assumption that student disciplinary records are 'education records' and thereby protected from disclosure." (*U.S. v. Miami University, supra,* 294 F.3d at p. 812.) First, the final results of any disciplinary proceeding may be disclosed to the alleged victim of a crime of violence or a nonforcible sex offense. (20 U.S.C. § 1232g(b)(6)(A).) Second, such information may be disclosed to the general public when the disciplinary body determines that the student did commit such a crime. (20 U.S.C. § 1232g(b)(6)(B).) Third, the disciplinary records of a student who poses a significant risk to himself or herself, or to other members of the school community, may be disclosed to persons having a "legitimate educational interest[] in the behavior of the student." (20 U.S.C. § 1232g(h)(2).) Fourth, if a student under the age of 21 at an institution of higher learning commits a disciplinary violation involving alcohol or a controlled substance, then the institution may disclose such information to a parent or guardian. (20 U.S.C. § 1232g(i)(1).) The court then concludes that "[i]f Congress believed that student disciplinary records were not education records under the FERPA, then these sections would be superfluous." (*U.S. v. Miami University, supra,* at p. 813.) Thus, student disciplinary records are unquestionably student education records under federal law and are protected as such.

One way in which federal law differs from California law, though, is that FERPA does not actually prohibit the release of education records. Rather, FERPA conditions the availability of federal funds on conformance with its provisions. "No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records . . . of students without the written consent of their parents to any individual, agency, or organization" with specific exceptions not relevant here. (20 U.S.C. § 1232g(b)(1).) As petitioner points out, though, if we deny the writ and the trial court orders petitioner to divulge student expulsion records, petitioner could be subjected to a withdrawal of federal funding and to individual federal lawsuits from students whose privacy is affected. More significant, it is quite foreseeable that a federal court acting under authority of FERPA could issue an order enjoining the release of the same records which the trial court here, acting under state law, may order petitioner to divulge.

It is this last prospect which brings into play the doctrine of federal preemption. State law is " '[preempted] to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both

state and federal law [citation], or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress [citation].' " (*California Coastal Com'n v. Granite Rock Co.* (1987) 480 U.S. 572, 581 [107 S.Ct. 1419, 1425, 94 L.Ed.2d 577].) Here, federal law prohibits educational institutions from receiving federal funds unless they safeguard education records in the manner prescribed by FERPA. At the same time, California law[2] mandates that student expulsion records be publicly disclosed on demand. This is a genuine, undeniable conflict between state and federal law.

Further, California law is an obvious obstacle to accomplishing Congress's purposes and objectives in enacting FERPA. Congress enacted FERPA " 'to assure parents of students . . . access to their educational records and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent.' 120 Cong. Rec. 39,862 (1974) (joint statement of Sens. Pell and Buckley explaining major amendments to FERPA)." (*Frazier v. Fairhaven School Committee* (1st Cir. 2002) 276 F.3d 52, 67-68.) Section 48918's mandate that school districts disclose student expulsion records to the public on demand is a direct obstacle to protecting parent and student rights to privacy in those records.

Finally, real party in interest argues in the alternative that the superior court be allowed to conduct an in camera review of the records so that versions redacted of student names and other identifiable information could be disclosed. We find no support for this in FERPA or in the cases interpreting FERPA. FERPA defines nondisclosable education records as "those records, files, documents, and other materials which—[¶] (i) contain information directly related to a student; and [¶] (ii) are maintained by an educational agency or institution . . . ." (20 U.S.C. § 1232g(a)(4)(A).) Even if the student's name and other identifying information were redacted from an expulsion record, it would still contain "information directly related to a student," such as the specific reasons for the expulsion and other details. That information would be more than just the "directory information" allowed by Title 20 United States Code section 1232g(b)(2).

Thus, we conclude that FERPA preempts section 48918, in that section 48918 requires the public disclosure of student expulsion records while FERPA conditions the receipt of federal funds on protecting students and their parents from disclosure of this very type of record. Under *California*

---

[2]Unless Government Code section 6254, subdivision (k), is invoked to relieve public agencies from having to disclose records where disclosure is prohibited by federal law.

*Coastal Com'n v. Granite Rock Co., supra,* 480 U.S. 572, it would be impossible for petitioner, or any other California educational institution, to comply with both state and federal law on this subject. Further, as explained above, section 48918 is a direct obstacle to accomplishing Congress's stated purpose to protect parent and student privacy by limiting access to education records, including expulsion records.

### DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of the County of San Bernardino to set aside its August 8, 2002, order overruling petitioner's demurrer to real party in interest's petition for writ of mandate and enter an order sustaining the demurrer without leave to amend.

Petitioner is DIRECTED to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

Hollenhorst, Acting P. J., and Gaut, J., concurred.

A petition for a rehearing was denied January 30, 2003, and the opinion was modified to read as printed above. The petition of real party in interest for review by the Supreme Court was denied April 23, 2003.