The Honorable Vicki Schmidt State Senator, 20th District 2619 S.W. Randolph Court Topeka, Kansas 66611
John L. Vratil Attorney for the Board of Education Blue Valley Unified School District No. 229 Suite 1000, Building 82 10851 Mastin Blvd. Overland Park, Kansas 66210
Dear Senator Schmidt and Mr. Vratil:
As Senator for the 20th District and legal counsel for the Blue Valley School Board, you request our opinion whether compliance with the mandatory reporting requirements of K.S.A. 72-89c02(a), which require notification by a school official to a law enforcement agency of a suspension or expulsion of a pupil, conflicts with 20 U.S.C. § 1232g, the Family Educational Rights and Privacy Act (FERPA).
K.S.A. 72-89c02, as amended by L. 2007, Ch. 149, § 2, provides in part:
 "Whenever a pupil who has attained the age of 13 years has been expelled from school or suspended . . . and such suspension or expulsion was imposed for committing a school safety violation, the chief administrative officer of the school from which the student was suspended or expelled shall notify the appropriate law enforcement agency of the suspension or expulsion. . . . The notice shall include the pupil's name, address, date of birth, driver's license number . . . a description of the school safety violation committed by the pupil and the date the pupil was expelled or suspended. . . ."
The 2007 amendment changes the notification requirements regarding students expelled or suspended from school for committing a school safety violation. Pursuant to the amendment, the school's chief administrative officer is required to notify the appropriate law enforcement agency of the expulsion or suspension and that law enforcement agency is then required to notify the Division of Motor Vehicles within a certain period of time. The Division of Motor Vehicles then suspends the student's driver's license for one year.
FERPA applies to all schools receiving federal funds. The Act establishes conditions under which personally identifiable information in education records may be released. Schools that violate the conditions and release protected information can lose all federal funding. Under FERPA, a school official is prohibited from disclosing personally identifiable information or information from student records without the consent of the student's parent.[1] The applicable section specifically states:
 "No funds shall be made available . . . to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein . . .) of students without the written consent of their parents to any individual, agency . . . other than to the following. . . ."[2]
FERPA defines "education records" as:
 "[T]hose records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution."
 [3]
Education records include student disciplinary records.[4] While FERPA provides exceptions that allow for the release of student information, none of those exceptions are applicable to this situation.
In 2000, Attorney General Carla J. Stovall concluded that the 1999 version of K.S.A. 72-89c02 conflicted with FERPA because it required school officials to notify the Division of Motor Vehicles of a pupil's expulsion or suspension:[5]
 "Whenever a pupil who has attained the age of 13 years has been expelled from school or suspended. . . .
 . . . .
 "(3) [T]he chief administrative officer of the school from which the pupil was expelled or suspended shall give written notice to the division of vehicles of the department of revenue of the expulsion or suspension of the pupil. . . . The notice of expulsion or suspension . . . shall include the pupil's name, address, date of birth, driver's license number . . . and the reason or reasons for the expulsion or suspension."[6]
Like the 2007 amendment at issue, the 1999 legislation required that the school administrator release information concerning a student's expulsion or suspension to the Division of Motor Vehicles which, in turn, suspended the pupil's driver's license for one year.
As a result of General Stovall's opinion, the Legislature corrected the FERPA problem in the 2001 session by requiring school officials to report to law enforcement certain misbehavior committed by a pupil rather than reporting a specific expulsion or suspension.[7] The Supplemental Note for House Bill No. 2289 indicates that this office was consulted regarding the amendment:[8]
 "The Governor's spokesperson said that the proposed modifications had been shared with the Attorney General's Office and were found to address the potential FERPA conflicts.
 "The Kansas Association of School Boards expressed support for the measure, indicating that it resolved the FERPA issue about which the Association was concerned. There were no other conferees."
As indicated above, the 2007 amendments to K.S.A. 72-89c02 contain the same problematic language that existed when the statute was first enacted in 1999. Accordingly, the conclusion stated in General Stovall's opinion still applies. Further, subsequent case law from other jurisdictions supports General Stovall's conclusion that requiring a school official to release suspension or expulsion information contained in a student's records to an outside agency conflicts with FERPA.[9]
As a final note, we wish to address the School Safety and Security Act (Act)[10] as it relates to K.S.A. 72-89c02(a) and FERPA. The Act requires a school official to report to law enforcement criminal conduct that occurred at the school.[11] The key distinction between the Act and the statute at issue here is that, under K.S.A. 72-89c02(a), a school official must report to law enforcement disciplinary action takenby the school, specifically suspensions and expulsions. The disciplinary action that is the subject of the report is recorded in the student's disciplinary records. As explained, release of this information conflicts with FERPA. However, the Act requires that any school employee who knows or has reason to believe that a criminal act has been committed at a school and that act constitutes a felony or misdemeanor or involves the possession, use or disposal of explosives, firearms or other weapons immediately report the incident to law enforcement:
 "(b) Each board of education shall adopt a policy that . . . includes:
 "(1) A requirement that an immediate report be made to the appropriate state or local law enforcement agency by or on behalf of any school employee who knows or has reason to believe that an act has been committed at school, on school property, or at a school supervised activity and that the act involved conduct which constitutes the commission of a felony or misdemeanor or which involves the possession, use or disposal of explosives, firearms or other weapons; and
 "(2) the procedures for making such a report.
 . . . .
 "(f) Nothing in this section shall be construed or operate in any manner so as to prevent any school employee from reporting criminal acts to school officials and to appropriate state and local law enforcement agencies .[12]
Notably, the language of subsection (f) in the Act is in harmony with the 2001 amendments to K.S.A. 72-89c02(a) which required school officials to report to law enforcement certain criminal acts committed by a student rather than reporting specific disciplinary action taken by the school and recorded in the student's disciplinary records.[13]
Finally, the reporting requirements under the School Safety and Security Act dictate that a school official report knowledge of criminalactivity directly to law enforcement. Thus, the reporting does not involve student records or disclosing personally identifiable information that is contained in those records. Accordingly, the prohibitions set forth in FERPA are not triggered and the federal statute has no application.
Sincerely,
Paul J. Morrison Attorney General
Rebecca E. Rand Assistant Attorney General
PJM:MF:RER:jm
[1] 20 U.S.C. § 1232g(b)(1).
[2] Id.
[3] 20 U.S.C. § 1232g(a)(4)(A)
[4] U.S. v. Miami Univ., 91 F.Supp. 2d 1132 (S.D. Ohio 2000),aff'd, 294 F.3d 797 (6th Cir. 2002).
[5] Attorney General Opinion No. 2000-44.
[6] L. 1999, Ch. 124, § 2.
[7] L. 2001, Ch. 119, § 2.
[8] Supplemental Note on House Bill 2289, as amended by HouseCommittee on Education.
[9] See, e.g., U.S. v. Miami Univ., 91 F. Supp.2d 1132 (S.D. Ohio 2000), aff'd, 294 F.3d 797 (6th Cir. 2002); Rim of the World UnifiedSch. Dist. v. Super. Ct, 129 Cal. Rptr. 2d 11, 12 (Cal.App. 2002) (stating FERPA's confidentiality provisions trump state law requiring disclosure of student records containing information relating to student disciplinary records).
[10] K.S.A. 72-89b01 et seq.
[11] K.S.A. 72-89b01 et seq.; see generally Attorney General Opinion No. 98-59.
[12] K.S.A. 72-89b03. (Emphasis added).
[13] L. 2001, Ch. 119, § 2.