Filed 12/8/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re M.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E068050 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1600763) |
| v. | O P I N I O N |
| M.L., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Walter H. Kubelun, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.)

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Steve Oetting, Tami

1

Falkenstein Hennick, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, M.L. (Minor), completed a program of informal supervision under Welfare and Institutions Code section 654[1] after the People alleged Minor had unlawfully possessed a knife upon school grounds. (Pen. Code, § 626.10, subd. (a); ¶ 1.) Prior to the court's dismissal of the petition and order sealing Minor's records, Minor's counsel requested that the court seal Minor's school records as well; the court declined to do so. On appeal, Minor contends the court erred by denying the request. We affirm.

## I. PROCEDURAL HISTORY

On September 14, 2016, the People filed a section 602 petition alleging Minor had unlawfully possessed a knife upon school grounds. On October 4, 2016, the parties entered into a negotiated disposition pursuant to section 654 wherein Minor would serve six months on informal probation; upon successful completion of the period of informal probation, the parties agreed Minor's petition would be dismissed.

In a probation review memorandum filed on March 22, 2017, the probation officer indicated Minor had successfully completed his period of informal probation. The probation officer recommended that the court dismiss the petition. At a hearing on

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

March 27, 2017, Minor's counsel requested that Minor's school records be sealed. The People objected.

The court dismissed the petition and sealed Minor's juvenile records. With respect to the request to seal Minor's school records, the court denied the request: "As to the school information being sealed, the Court is unwilling to seal, at this point in time, using its discretion. I'm unsure how it would relate to the rehabilitation of the minor at this point in time. However, should the minor want to obtain his records and indicate which of those records he would request to be sealed and the reasons for that sealing, I'd be more than happy to look at those records. The Court cannot be sure without seeing the records what would be sealed, if it would be substantial enough to protect the minor, if it is warranted, or protect other minors at the school."

The court further noted that: "I will not seal the school records at this time. But that issue remains open, should the minor want to present those records to the Court, and I'd allow the People to be heard on those specific records." Minor's counsel replied: "I don't believe there's a requirement that the minor provide the specific school records. There's nothing in [section] 786 that requires that." Minor's counsel argued: "Going forward, he'll be applying for colleges. He'll be applying for different programs at school. And it's in his best interest to not have this available."

The court responded: "And, again, the Court's ruling stands. I can appreciate all of those issues. But for the reasons stated on the record, I'm not denying it or granting it.

I'm allowing . . . the minor to provide the Court with more information, so the Court can make an accurate record and determination."

The court further observed: "You're correct, . . . [section] 786 does not require that the minor provide his school records. . . . I've reviewed this area of law. I think it's important to fully protect the minor. I'm not willing to leave it up to the school district or a school clerk or whatever you want to have to interpret the record of sealing, no matter how specific it may be. I believe some records might not be sealed for some reason. I believe some that should not be sealed, might get sealed. In protection of other minors on campus, that might need to be done. Therefore, the Court is hesitant to make any type of—or attempt to make any type of blanket orders that would hinder the minor's future, put at risk other youth. Therefore, the Court is requiring those records but only those that the minor feels need to be sealed. He has full access to his records. He is absolutely able to get his records. So if it's important to the minor, he absolutely can bring this back to the Court's attention. So, again, I'm not denying the request at this point in time. The Court is just not comfortable, under the circumstances, with the information it has today to make that order."

## II. DISCUSSION

Minor contends the court abused its discretion by requiring Minor to provide the documents to the court which Minor wished to be sealed. We disagree.

"An individual who has a record that is eligible to be sealed under this section may ask the court to order the sealing of a record pertaining to the case that is in the custody

4

of a public agency other than a law enforcement agency, the probation department, or the Department of Justice, and the court may grant the request and order that the public agency record be sealed if the court determines that sealing the additional record will promote the successful reentry and rehabilitation of the individual." (§ 786, subd. (e)(2).)

"Under 'well-settled principle[s] of statutory construction,' we 'ordinarily' construe the word 'may' as permissive and the word 'shall' as mandatory, 'particularly' when a single statute uses both terms. [Citation.] In other words, '[w]hen the Legislature has, as here, used both "shall" and "may" in close proximity in a particular context, we may fairly infer the Legislature intended mandatory and discretionary meanings, respectively.' [Citation.]" (*Tarrant Bell Property, LLC v. Superior Court* (2011) 51 Cal.4th 538, 542.)

A denial of a motion for permissive intervention is reviewed for an abuse of discretion. (*Simpson Redwood Co. v. State of California* (1987) 196 Cal.App.3d 1192, 1199; *In re J.W.* (2015) 236 Cal.App.4th 663, 668 [§ 781 grants the court discretion to seal a juvenile's delinquency records].) Thus, "a reviewing court will disturb the trial court's decision . . . only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable. [Citation.]" (*People v. Moran* (2016) 1 Cal.5th 398, 403.) "Generally, the moving party bears the burden to put the supporting evidence before the court." (*People v. Ochoa* (2016) 248 Cal.App.4th 15, 29, fn. 3; see *In re J.P.* (2014) 229 Cal.App.4th 108, 127 [petitioner must make a prima facie showing to trigger right to a hearing pursuant to § 388].)

5

First, education records, including student disciplinary records, are already protected from disclosure under state and federal laws. (*Rim of the World Unified School Dist. v. Superior Court* (2002) 104 Cal.App.4th 1393, 1396-1399; 20 U.S.C § 1232g.) Thus, it is unclear why a court-ordered sealing of those records would be necessary.

Second, the only proffered reason respecting how sealing of Minor's school records would "promote the successful reentry and rehabilitation of" Minor was that Minor would be applying to colleges soon. However, Minor did not carry his burden of showing that colleges would require the entirety of Minor's school records, i.e., that colleges would require any records which would contain any reference to the allegation in the petition. Moreover, as the People and the court below have suggested, it could be beneficial for a school to continue to have access to information regarding the incident both for the purposes of helping to rehabilitate and educate Minor and to protect other students.

Minor contends that requiring him to provide the records to the court for review prior to any sealing order would be impractical. We disagree. As the court noted, Minor had more ready access to those documents than did the court. Moreover, Minor bore the burden of producing evidence to support his request. Without access to the records Minor was requesting be sealed, or at least without some more specific description of those records, the court could not truly exercise its discretion in ordering the records sealed. Likewise, as also suggested by the court below, ordering Minor's school records sealed without any specific description of which documents were being sealed posed the

6

danger that the sealing order would be interpreted overly broad to include records to which school personnel might need access and which had nothing to do with the incident. The court acted within its discretion in denying the request without prejudice to Minor renewing the request later with evidence to support it.

## III.  DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

McKINSTER
Acting P. J.

We concur:

MILLER
J.

SLOUGH
J.

7