Filed 3/4/21  In re L.T. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re L.T., a Person Coming Under the Juvenile Court Law. | B298109, consolidated with B301335 |
| THE PEOPLE, | Los Angeles County Super. Ct. No. PJ53103 |
| Plaintiff and Respondent, | |
| v. | |
| L.T., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Fred J. Fujioka, Judge of the Juvenile Court and Phyllis Shibata, Judge Pro Tempore of the Juvenile Court. Affirmed in part and reversed in part.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

---

A wardship petition alleged minor L.T. committed sexual battery. After a hearing, the juvenile court imposed a three-year restraining order, and L.T. appealed. The court subsequently dismissed the petition, but found it lacked jurisdiction to terminate the restraining order. The court agreed to seal court records, but concluded it did not have authority to seal school district records. L.T. filed a second appeal which we consolidated with the first appeal. We reverse the juvenile court's denial of L.T.'s request to seal the school district records, and otherwise affirm.

## BACKGROUND

A petition under Welfare and Institutions Code[1] section 602, filed November 16, 2018, alleged that on October 1, 2018, 15-year-old L.T. committed misdemeanor sexual battery (Pen. Code, § 243.4, subd. (e)(1)) against Arianna D. The juvenile court issued a temporary restraining order on November 30, 2018, prohibiting L.T. from contacting Arianna D., and set a hearing on a permanent restraining order.

At the May 14, 2019 hearing, minor Arianna D. testified she was playing volleyball on the blacktop at her high school on October 1, 2018, when L.T. ran up from behind, put his right

---

[1] All subsequent citations are to the Welfare and Institutions Code unless otherwise indicated.

2

hand on her right breast, and pulled her toward him. She said, "What the hell," and L.T. said, "You liked it, huh?" She felt violated and belittled, and was very uncomfortable and scared. The court saw a videotape of the incident. Arianna D. wanted a permanent restraining order to make her feel protected and to grant her space ("I don't want any contact with him ever again.").

The prosecutor argued a restraining order would protect Arianna D.'s right to her personal space and prevent L.T. from harassing her, talking to her, or touching her again. L.T.'s counsel argued no evidence showed any contact between L.T. and Arianna D. after the event. The evidence did not show L.T. attempted to intimidate or dissuade her from reporting the crime or testifying, or a reasonable likelihood that he would. *Babalola v. Superior Court* (2011) 192 Cal.App.4th 948 (*Babalola*) required such conduct before a restraining order was justified. The prosecutor rejoined *Babalola* was an adult case. In juvenile proceedings, a restraining order did not require any showing of actual or potential prospective harm, and the goal was to protect the victim. The court signed and issued a three-year restraining order prohibiting L.T. from contacting, threatening, stalking, or disturbing Arianna D. L.T. filed a notice of appeal.[2]

At an adjudication hearing on August 12, 2019, L.T. and Arianna D. testified. The juvenile court found the prosecution had not proven the allegation beyond a reasonable doubt, and dismissed the petition. After further briefing and a hearing on September 19, 2019, the court granted L.T.'s motion to seal

---

[2]     Restraining orders issued in juvenile proceedings are appealable. (*In re Jonathan V.* (2018) 19 Cal.App.5th 236, 238, fn. 1.)

the court records regarding the incident, but concluded section 786 did not give the court authority to seal the school district records. The juvenile court also concluded it lacked jurisdiction to terminate the restraining order, because L.T. appealed the order and the appeal remained pending.

L.T. filed a second appeal which we consolidated with the first appeal.

## *DISCUSSION*

1. ***The trial court applied the correct standard when it imposed the permanent restraining order***

L.T. argues the juvenile court violated his due process rights when it imposed the pre-adjudication restraining order without requiring the prosecution to prove he might intimidate or otherwise harm Arianna D. in the future. We disagree.

After the filing of a section 602 petition and until the petition is dismissed or the wardship ends, section 213.5, subdivision (b) authorizes the juvenile court to issue ex parte orders "enjoining the child from contacting, threatening, stalking, or disturbing the peace of any person the court finds to be at risk from the conduct of the child." Subdivision (d)(1) authorizes the court to issue, upon notice and a hearing, a restraining order enjoining the behavior described in subdivision (b), lasting no more than three years. "To issue such an order, '[t]here need only be evidence that the [minor who is restrained] "disturbed the peace" of the protected child'—that is, that the minor engaged in ' " 'conduct that destroy[ed] the mental or emotional calm of the other party.' " ' " (*In re E.F.* (2020) 45 Cal.App.5th 216, 222-223, review granted June 17, 2020, S260839; *In re Bruno M.* (2018) 28 Cal.App.5th 990, 997.) Arianna D. testified L.T. ran up behind her, put his hand on her breast, pulled her toward

4

him, and told her she liked it. She felt violated and frightened. Her testimony that L.T.'s conduct destroyed her mental and emotional calm was substantial evidence supporting the restraining order. (*In re L.W.* (2020) 44 Cal.App.5th 44, 51.)

L.T. argues the prosecutor was required to present additional evidence of his behavior targeting Arianna D., beyond his conduct on the blacktop which was the basis for the section 602 petition. The cases he cites involve Penal Code section 136.2, subdivision (a)(1), which authorizes a restraining order during the pendency of an adult criminal proceeding if the trial court finds "a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur." (See *People v. Selga* (2008) 162 Cal.App.4th 113, 118.) To restrain an adult defendant under Penal Code 136.2, "a mere finding of past harm to the victim . . . is not sufficient." (*Babalola, supra*, 192 Cal.App.4th at pp. 963-964.) There must also be evidence to support "good cause to believe an attempt to intimidate or dissuade a victim or witness has occurred or is reasonably likely to occur." (*Ibid.*) We agree with *In re L.W., supra*, 44 Cal.App.5th at p. 52, and *In re E.F., supra*, 45 Cal.App.5th at p. 223, that section 213.5 does not require evidence of a reasonable apprehension of future physical abuse or other harm before the juvenile court may issue a restraining order. "[T]he different standards rest—not on the age of the restrained party—but on the different substantive standards in the two different statutes." (*In re E.F.*, at p. 223.) We reject L.T.'s argument that the section 213.5 standard for issuing a restraining order violates his right to due process simply because the language of Penal Code section 136.2 requires more.

**2.     *The juvenile court did not have jurisdiction to terminate the restraining order when it dismissed the petition***

L.T. argues that even though he had filed an appeal from the restraining order, the juvenile court retained jurisdiction to terminate the order after the court dismissed the petition. He is wrong.

Generally, the filing of a notice of appeal vests jurisdiction in the court of appeal, divesting the trial court of jurisdiction to make any order affecting the judgment. (*People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1496.) Any action by the trial court while an appeal is pending is null and void. (*Ibid.*) The juvenile court did not have jurisdiction over the restraining order once L.T. filed his appeal, and had no power to make any order affecting the restraining order. And to the extent L.T. argues that dismissal of the petition required the automatic termination of the restraining order, section 213.5 does not include such a requirement, and the California Rules of Court are to the contrary: "If the juvenile case is dismissed, the restraining order remains in effect until it expires or is terminated." (Cal. Rules of Court, rule 5.630(i).)

**3.     *The juvenile court had the authority to seal L.T.'s school records***

L.T. argues, and respondent concedes, that the court had the authority to seal his school records. Section 786, subdivision (e) states that when a ward of the juvenile court has their petition dismissed, or if the petition is not sustained after an adjudication hearing, "the court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement

6

agencies, the probation department, or the Department of Justice." Subdivision (f)(2) states:

> "An individual who has a record that is eligible to be sealed under this section may ask the court to order the sealing of a record pertaining to the case that is *in the custody of a public agency other than a law enforcement agency, the probation department, or the Department of Justice*, and the court may grant the request and order that the public agency record be sealed if the court determines that sealing the additional record will promote the successful reentry and rehabilitation of the individual." (Italics added.)

Government Code section 53050 defines a public agency as "a district, public authority, public agency, and any other political subdivision or public corporation in the state."

Under the Government Code, public school districts are public agencies, and under section 786, subdivision (f)(2) the court had the discretion ("may") to seal school records related to the case. In *In re M.L.* (2017) 18 Cal.App.5th 120, the minor requested the sealing of his school records, but declined the juvenile court's request to provide the records he wanted sealed. (*Id.* at pp. 122-123.) The court of appeal found the court acted within its discretion in denying the request, without prejudice to the minor later renewing the request with evidence to support it. (*Id.* at p. 124.)

The juvenile court erred when it declined to exercise its discretion whether to seal L.T.'s school district records.

7

## DISPOSITION

The order denying the motion to seal school district records is reversed, and the case is remanded to the trial court to exercise its discretion whether to seal the records. In all other respects the orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

DHANIDINA, J.